In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-21-00099-CV
_____

## IN RE COMMITMENT OF MALCOM BARRHAM NOLAN

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause No. A200226-C**

## MEMORANDUM OPINION

The State filed a petition to commit Malcom Barrham Nolan as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-841.151 (the SVP statute). A jury found that Nolan suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See id.* § 841.003(a). The trial court signed a judgment and order of civil commitment. On appeal, Nolan raises one issue and argues that the trial court reversibly erred in sustaining the State's objection to hearsay during the State's direct examination of Nolan because the State "opened the door" to the testimony.

1

The trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion when it acts without regard to the guiding rules or principles governing the admission of evidence, or if its decision to admit evidence is shown to have been arbitrary or unreasonable. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Nolan was convicted of two counts of indecency with a child by sexual contact and aggravated sexual assault of a child. Dr. Sheri Gaines, the State's expert and a forensic psychiatrist, reviewed Nolan's records, including the report of an evaluation by Dr. Thorne. Dr. Gaines concluded that Nolan suffers from pedophilic disorder, and that he has a behavioral abnormality.

In Nolan's appellate issue, he argues the trial court erred in sustaining the State's hearsay objection during the following exchange during the State's direct examination of Nolan:

Q. Mr. Nolan, have you learned in your group treatment whether you are at risk of re-offending based on your history of offending behavior?

A. No, not yet.

Q. Okay. Has that been talked about at all by your provider?

A. We talked about it, and she said that I probably would not. Because of my age and everything, I'd probably not re-offend; but there's always a possibility. That I should continue therapy.

Q. Do you –

A. And she said because of what happened as a child, I needed therapy.

[State's counsel]: I'm going to object to hearsay.

THE COURT: That's sustained.

According to Nolan, the State "opened the door" for hearsay testimony when it questioned Nolan about Nolan's risk for re-offending and then the trial court reversibly erred by sustaining the State's objection to the "invited" testimony. He also contends that the testimony was "substantially similar" to the testimony that Nolan had already given that the State did not object to, so the State waived any objection to the testimony by not objecting every time it was offered. However, Nolan failed to make these arguments in the trial court when the trial court sustained the State's objection. Accordingly, he has failed to preserve this argument for our review. *See* Tex. R. App. P. 33.1(a); *In re Commitment of Anderson*, 392 S.W.3d 878, 883 (Tex. App.—Beaumont 2013, pet. denied) (citing *Wohlfahrt v. Holloway*, 172 S.W.3d 630, 639-40 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (argument on appeal must comport with the argument made at trial to be preserved for appeal)); *see also In re Commitment of Guest*, No. 02-19-00295-CV, 2021 Tex. App. LEXIS 2572, at *30 n.12 (Tex. App.—Fort Worth Apr. 1, 2021, pet. denied) (mem. op.) (appellant's argument that the State "opened the door" to excluded

3

testimony was not preserved because appellant failed to make the argument in the trial court).

That said, even if Nolan had preserved his arguments, on this record we cannot say the trial court abused its discretion in sustaining the objection to the testimony of Nolan regarding what his therapist told him. Hearsay is a statement, other than one made by the declarant while testifying at trial, that is offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Here, the State asked Nolan whether his risk of re-offending based on his history of offending behavior had been discussed by this sex offender treatment provider, which solicited either a "yes" or "no" answer from Nolan and did not "invite" inadmissible hearsay testimony just because Nolan voluntarily proceeded to testify as to what his provider told him about reoffending, or about what she said in relation to "what happened to him as a child." The trial court did not abuse its discretion in concluding this testimony contained hearsay.

Further, even if the trial court's exclusion of the testimony was erroneous, we conclude that the error was harmless based on the record in this case. We will reverse based on an erroneous evidentiary ruling only if, after reviewing the entire record, we conclude that the ruling probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a). A successful appellate challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted. *See Tex. Dep't of Transp. v. Able*, 35

4

S.W.3d 608, 617 (Tex. 2000). After Nolan's response, there was no request for a limiting instruction, so the jury could have considered his response. To the extent, if any, Nolan complains that he was erroneously precluded from testifying further on the matter, he failed to present such evidence to the trial court through an offer of proof. *See In re Commitment of Day*, 342 S.W.3d 193, 199-200 (Tex. App.—Beaumont 2011, pet. denied). After reviewing the entire record, we cannot say that the trial court's ruling probably caused the rendition of an improper judgment. *See* Tex. R. App. 44.1(a).

We overrule Nolan's issue and affirm the judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on February 1, 2022
Opinion Delivered March 17, 2022

Before Golemon, C.J., Horton and Johnson, JJ.